Theodore J Piteo, OSB 090311
Michael D. O'Brien, OSB 951056
Michael D. O'Brien & Associates, P.C.
12909 SW 68th Pkwy, Suite 160
Portland, OR 97223
(503) 786-3800
Attorneys for Lowell & Sons, LLC, Debtor-in-possession.

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Case No. 16-33707-tmb11 |
| Lowell & Sons, LLC | ) | STATEMENT PURSUANT TO |
| | ) | LBR 3019-1 |
| | ) | |
| Debtor-in-possession. | ) | |
| | ) | |

Now comes Debtor, Lowell & Sons, LLC, by and through its counsel, Theodore J Piteo,

and herewith files the noted changes between the Plan Dated June 2, 2017 and the First

Amended Plan Dated August 16, 2017 attached hereto. The changes will be highlighted and

indicate the previous text. Debtors make this statement pursuant to the requirements outlined at

LBR 3019-1.

Dated this 30th day of August, 2017

/s/ Theodore J Piteo
Theodore Piteo, OSB# 090311
Michael D. O'Brien & Associates, P.C.
Attorney for Debtor-in-Possession

Theodore J Piteo, OSB 090311
Michael D. O'Brien, OSB 951056
Michael D. O'Brien & Associates, P.C.
12909 SW 68th Pkwy, Suite 160
Portland, OR 97223
(503) 786-3800
Attorneys for Lowell & Sons, LLC, Debtor.

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In Re: | ) | |
|--------|---|---|
| | ) | Case No. 16-33707-tmb11 |
| Lowell & Sons, LLC | ) | FIRST AMENDED |
| | ) | CHAPTER 11 PLAN |
| | ) | DATED August 16, 2017 |
| Debtor-in-possession. | ) | |
| | ) | |

_____

## ARTICLE I - SUMMARY OF PLAN

This Plan of Reorganization provides for the continued operations of the Debtor-in-possession's residential/commercial rental business and the cash flow of payments to secured and unsecured creditors as detailed below.

Administrative claims and priority tax claims will be paid in full on the Effective Date of the Plan unless the claimant agrees in writing to different treatment.

The secured claims of consensual lienholders are generally impaired by the Plan with their specific treatment detailed in Article IV below.

The holders of general unsecured claims owed $500 or less AND any holder of a general unsecured claim who elects in writing to reduce its claim to $500 will receive payment in full with no interest within 30 days after the Effective Date of the Plan. General unsecured claims will elect to receive either a) Ownership interest in the Reorganized Debtor at 1% per $20,000 claimed as outlined at Article VI of the Plan or b) receive 100% of their claims, with interest at the Federal Judgment Rate, in fourteen equal semi-annual payments of $6,100 starting 120 days after the Effective Date of the Plan with a final, fifteenth balloon payment of all remaining amounts in the estimated amount of $500,000. Funds for the payment of the general unsecured will come from ongoing realized cash flow from Debtor's business operations with a failsafe, if necessary, from the refinance or sale of Debtor's Estes and Hood River Properties.

### Deadline for Ballots / Objections to be Filed

The Court has not yet confirmed the Plan. This section describes the procedures and deadlines for you to vote for or against the Plan or to file objections to the Plan.

*1. Who is Entitled to Object and Who is Entitled to Vote*

Any party in interest may object to confirmation of the Plan if that party believes that the requirements for confirmation are not met. Any party in interest may object to the adequacy of the disclosures made in the Disclosure Statement if that party believes that the disclosures are inadequate. However, a Creditor has a right to vote for or against the Plan only if two conditions are met: first, the claim of the Creditor must be allowed (or allowed for voting purposes) and second, the claim must be impaired. Unimpaired creditors are not entitled to vote. Insiders are not entitled to vote. If any creditor wishes its claim to be treated as an administrative convenience claim, it may so elect on the ballot to accept the Plan.

*2. Deadline for Voting to Accept or Reject the Plan*

If you are entitled to vote to accept or reject the Plan, you will vote on a ballot which will be provided to you for that purpose and must return the ballot to Michael D. O'Brien, Michael D. O'Brien & Associates, P.C., 12909 SW 68th Pkwy, Suite 160, Portland, OR 97223. Once authorized by the Court, the Debtor will provide separate notice to creditors with a deadline for voting. You may elect equity treatment for your unsecured claim pursuant to Article VI of the Plan on the ballot.

### 3. Deadline for Objecting to the Adequacy of Disclosure and Plan Confirmation

Objections to the Plan must be filed with the Court and served upon both (a) counsel for the Debtor in Possession at: Theodore J. Piteo, Michael D. O'Brien & Associates, P.C., 12909 SW 68th Pkwy, Suite 160, Portland, OR 97223 and (b) United States Trustee, Attn: Carla McClurg, 620 SW Main Street, Room 213, Portland, OR 97205. Once authorized by the Court, the Debtor will hold a Confirmation Hearing on the _____ day of _____, 2017 at _____am/pm(circle one).

### a. Final Hearing on the Plan

The hearing at which the Court will consider confirmation of the Plan and determination of the adequacy of the disclosure set forth in the Plan will take place in Courtroom #4, Ninth Floor, United States Bankruptcy Court for the District of Oregon, 1001 SW Fifth Ave., Portland, Oregon 97204 before the Honorable Trish M. Brown.

### b. Contact for Additional Information

If you want additional information about the Plan you should contact the Debtor's counsel at: Theodore J Piteo, Michael D. O'Brien & Associates, P.C., 12909 SW 68th Pkwy, Suite 160, Portland, OR 97223.

## ARTICLE II - DEFINITIONS

1. <u>ADMINISTRATIVE EXPENSE</u>.  An administrative expense (including a professional fee or expense) that is entitled to priority of payment under 11 USC §507(a)(2) and that is an allowed claim under 11 USC §503.

2. <u>ADMINISTRATIVE CONVEIENCE CLAIM</u>. A claim whereby a creditor holds or voluntarily reduces their total claim to $500 or less in exchange for receipt of full payment of that reduced claim within 30 days of the Effective Date. This treatment is authorized by 11 U.S.C. § 1122(b).

3. <u>ALLOWED CLAIM</u>.  Allowed Claim shall mean a Claim (a) in respect of which a proof of claim has been filed with the Court within the applicable period of limitation, or (b) appearing on the schedules and lists prepared and filed with the Court and not listed as disputed, contingent or unliquidated as to amount and in either case to which no objection has been filed, or as to which any such objection has been determined by order of the Court and which order is no longer subject to appeal.

4. <u>CHERRY PROPERTY</u>. Debtor's residential rental property located at 393 NE Cherry St., White Salmon, WA.

5. <u>CLAIM</u>.  Claim shall mean any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to a right of payment, against the Debtor on or as of the Petition Date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured or unsecured.

6. <u>CODE</u>. Code shall refer to the Bankruptcy Code as provided at 11 U.S.C. § 101 et seq.

7. <u>CONFIRMATION</u>. Confirmation means the date upon which the Confirmation Order is entered by the Court.

8. <u>COURT</u>. Court means the United States Bankruptcy Court for the District of Oregon, including the United States Bankruptcy Judge presiding in the Chapter 11 case of the Debtor.

9. <u>CREDITORS</u>. Creditors means all creditors of the Debtor holding claims for secured debts, unsecured debts, liabilities, demands or claims of any character whatsoever.

10. <u>DEBTOR</u>. Debtor means Lowell & Sons, LLC, a non-individual with its principal place of business in the State of Oregon.

11. <u>DEFAULT</u>. Default means Debtor's failure to perform any requirement specified in the Plan.

12. <u>DISTRIBUTION POOL ACCOUNT.</u> Also referred to as the Debtor Distribution Pool Account. An account to be opened by the Reorganized Debtor into which she will deposit funds devoted to the Plan and out of which she will make distributions to creditors pursuant to this Plan.

13. <u>EFFECTIVE DATE</u>. Effective date means 45 days after the Court enters an Order Confirming Chapter 11 Plan. For purposes of the Disclosure Statement and related exhibits the *projected* Effective Date is December 1, 2017.

14. <u>ESTATE</u>. The estate created under 11 USC §541 by reason of the commencement of this case.

15. <u>ESTES PROPERTY</u>: Debtor's rental property located in White Salmon, WA.

16. <u>HOOD RIVER PROPERTY</u>: Debtor's commercial rental property located at 220 Clearwater Ln., Hood River, OR

17. IMPAIRED CLAIM.  An impaired claim has the meaning defined in 11 USC §1124 of the
Bankruptcy Code.

18. OFFICIAL MAILING LIST.  The official mailing list for notices and distribution checks
made pursuant to the Plan shall be the official list maintained by the Clerk of the Court,
United States Bankruptcy Court, 1001 SW Fifth Avenue, Suite 700, Portland, OR 97204.  It
shall be the obligation of each creditor and/or party in interest to ensure that the official
mailing list is current and accurate as to each entity.

19. PETITION DATE.  Petition Date means September 27, 2016 – the date in which the Debtor
filed its Petition for Relief under Title 11 with this Court.

20. PLAN.  Plan means this Chapter 11 Plan of Reorganization dated August 16, 2017 in its
present form or as it may be amended.

21. REORGANIZED DEBTOR.  Following the Effective Date, the Debtor as reorganized
pursuant to the Plan.

22. SECURED CREDITORS.  Secured Creditors means all creditors who hold a lien, security
interest, or other encumbrance which has been properly perfected by law with respect to the
property owned by the Debtor and which has not otherwise been avoided by operation of
Bankruptcy law or through affirmative action of the Debtor or trustee.

23. TERM OF PLAN.  A period beginning on the effective date of the Plan and ending when all
payments and other acts required of the Debtor under the Plan have been made.

24. TRIPLE NET LEASE. A lease where the tenant pays all utilities, property taxes, and
insurance on the building in addition to being primarily responsible for the maintenance and
upkeep of the building.

# ARTICLE III - TREATMENT OF UNCLASSIFIED CLAIMS

1. <u>Administrative Claims.</u>  Each holder of an allowed claim entitled to administrative expense priority under 11 USC §507(a)(2)  and §503 shall receive cash in the full amount of such claim on the later of (a) the effective date of the plan, or (b) at such later date as the holder of such claims may agree in writing.

### a.  Expenses Arising in the Ordinary Course of Business

These claims will be paid based on the ordinary course business terms between the Debtor and the provider.  All ordinary course business expenses are current.  Exceptions to this statement include:  NONE.

### b.  Professional Fees

Professional fees are subject to approval by the Court and are entitled to administrative expense priority under 11 USC §507(a)(2).  These fees will be paid in full on the Effective Date of the plan unless the holder of such a claim has agreed in writing to deferred payments or other treatment.  If any professional fees have not been approved by the Court, in whole or in part, on the Effective Date of the Plan, then such professional fees will be paid pursuant to Court Order approving the fees.

### c.  U.S. Trustee Fees

The Debtor shall pay, on or before the Effective Date, any then outstanding fees owing pursuant to 28 USC §1930 to the Office of the United States Trustee and the Reorganized Debtor shall be responsible for ongoing timely payment of such fees incurred until the case is closed, converted, or dismissed.  After confirmation, the Reorganized Debtor shall file with the Court a monthly financial report for each month, or portion thereof, that the case remains open.  The

monthly financial report shall include a statement of all disbursements made during the course of the month, whether or not pursuant to the plan.

2. <u>Priority Tax Claims</u>.  Each governmental unit holding an allowed unsecured claim entitled to priority under 11 USC § 507(a)(8) shall be paid in full with allowed statutory interest on the Effective Date of the Plan.  Interest shall accrue on the unpaid balance of each allowed Priority Tax Claim at the rate allowed by 26 USC §6621 or the allowed rate under the Oregon Revised Statutes. Affected Claimants with Priority Tax Claims include:

<u>None.</u>

## ARTICLE IV – CLASSIFICATION AND TREATMENT
## OF CLAIMS AND INTERESTS

All claims, other than unclassified claims, are placed in the following classes.  A claim is classified in a particular class only to the extent that it qualifies within the description of that class and is classified in a different class to the extent that it qualifies within the description of that different class.

| Class | Impairment | Treatment |
|-------|------------|-----------|
| 1 –Claim of Riverview Community Bank (Hood River Property) | Impaired | **The Debtor hereby MOVES the Court for an Order establishing the value of collateral securing claims of Riverview Community Bank in the amount listed below**. The Class 1 creditor's claim is impaired by the Plan and its interest will be bifurcated into secured and unsecured portions. **The claim shall be allowed as a Secured Claim pursuant to 11 U.S.C. §506 in the amount of $1,300,000** with the following terms and a brief description of |

| | | |
|---|---|---|
| | | their change from the original terms: |
| | | Principal balance = $1,300,000<br>Interest = Fixed rate of 4.75%. Existing rate is fixed at 4%<br>Term = New 30 year term. Existing term is 25 years. |
| | | PI Payment = $6,781.42. Lower than current payment due to extended term and reduced principal balance. PI Payment subject to nonmaterial change due to recalculation at effective date of plan and principal balance<br>Escrow= Claimant to generate escrow statement within 30 days after confirmation and send to Debtor. Until then, Debtor will pay $1,500 monthly for escrow. |
| | | **Prepayment** = No early prepayment or refinance penalty. **Any undersecured portion of the Class 1 claim, shall be included either in the pro-rata distribution to Class 11 or to increase the secured position of Claimant in the Cherry Property due to a Drag Net Clause in Claimant's security documents**. |
| | | **Debtor will increase required notice of default and opportunity to cure period under the loan to 60 days. Debtor will eliminate the Drag Net Clause and Cross-Collateralization provisions in the Note.** Except as expressly modified herein and by the Chapter 11 Plan generally, the Class 1 claimant shall retain all rights and remedies as set forth in the original loan documents with the prior owner and shall retain its |

| | | lien on the property securing the Class 1 claim with the same priority such lien had on the Petition Date. |
|---|---|---|
| 2 – Claim of Frank Construction Co. (Hood River Property) | Impaired | **The Debtor hereby MOVES the Court for an ORDER establishing the value of the collateral securing the Class 2 claim of Frank Construction and to ORDER that the claim is a wholly unsecured lien as provided by 11 USC §506(d). The Debtor asserts that liens against the property exist in the following priority:** <br> **Class 1 claim of Riverview Community Bank = $1,835,975.13;** <br><br> **The property is listed on Debtor's Schedule A with a value of $2,000,000. However Debtor obtained an appraisal dated March, 2017 that values the Property at 1,300,000. Therefore the Debtor believes the value of the collateral does not exceed the sum of the first and position lien attached to the property.** <br><br> **If the Court grants Debtor's Motion, the claim of the Class 2 claimant shall be deemed fully avoided and wholly unsecured. Debtor has marked the claim as disputed and intends to file an objection disallowing the claim prior to Confirmation. The Class 2 claimant's allowed claim, if any, will share pro-rata in the distribution to the unsecured creditors in Class 11.** |
| 3 – Claim of Mid-Columbia Economic Development District | Impaired | **The Debtor hereby MOVES the Court for an ORDER** |

| | | |
|---|---|---|
| (Hood River Property) | | establishing the value of the collateral securing the Class 3 claim and to ORDER that the claim is a wholly unsecured lien as provided by 11 USC §506(d). The Debtor asserts that liens against the property exist in the following priority: Class 1 claim of Riverview Community Bank = $1,835,975.13; Class 2 claim of Frank Construction = $49,571.80 <br><br> The property is listed on Debtor's Schedule A with a value of $2,000,000. However Debtor obtained an appraisal dated March, 2017 that values the Property at 1,300,000. Therefore the Debtor believes the value of the collateral does not exceed the sum of the first and position lien attached to the property. <br><br> If the Court grants Debtor's Motion, the claim of the Class 3 claimant shall be deemed fully avoided and wholly unsecured. The Class 2 claimant's allowed claim, if any, will share pro-rata in the distribution to the unsecured creditors in Class 11. |
| 4 –Claim of Riverview Community Bank  (Cherry Property) | Impaired | The Debtor hereby MOVES the Court for an Order establishing the value of collateral securing claims of Riverview Community Bank in the amount listed below. The Class 4 creditor's claim is impaired by the Plan and its interest will be bifurcated into secured and unsecured portions. The claim shall be allowed as a Secured Claim pursuant to 11 U.S.C. §506 in the amount of |

|  |  | **$232,000** with the following terms and a brief description of their change from the original terms: |
|  |  | Principal balance = $232,000 Interest = Fixed rate of 4.75%. Existing rate is fixed at 4% Term = New 30 year term. Existing term is 30 years. |
|  |  | PI Payment = $1,210.22. Lower than current payment due to extended term and reduced principal balance. PI Payment subject to nonmaterial change due to recalculation at effective date of plan and principal balance Escrow= Claimant to generate escrow statement within 30 days after confirmation and send to Debtor. Until then, Debtor will pay $250 monthly for escrow. |
|  |  | **Prepayment** = No early prepayment or refinance penalty. **Any undersecured portion of the Class 4 claim, shall be included in the pro-rata distribution to Class 11.** |
|  |  | **Debtor will increase required notice of default and opportunity to cure period under the loan to 60 days. Debtor will eliminate the Drag Net Clause and Cross-Collateralization provisions in the Note.** Except as expressly modified herein and by the Chapter 11 Plan generally, the Class 4 claimant shall retain all rights and remedies as set forth in the original loan documents with the prior owner and shall retain its lien on the property securing the Class 4 claim with the same priority such lien had on the |

| | | Petition Date. |
|---|---|---|
| 5 –Mid-Columbia Economic Development District (Cherry Property) | Impaired | **The Debtor hereby MOVES the Court for an ORDER establishing the value of the collateral securing the Class 5 claim and to ORDER that the claim is a wholly unsecured lien as provided by 11 USC §506(d). The Debtor asserts that liens against the property exist in the following priority:** **Class 4 claim of Riverview Community Bank = approx. $205,000+unsecured from Class 1;** <br><br>**The property is listed on Debtor's Schedule A with a value of $225,000. The Debtor obtained an appraisal that values the Property at 232,000. Therefore the Debtor believes the value of the collateral does not exceed the first position lien attached to the property.** <br><br>**If the Court grants Debtor's Motion, the claim of the Class 5 claimant shall be deemed fully avoided and wholly unsecured. The Class 5 claimant will then share pro-rata in the distribution to the unsecured creditors in Class 11.** |
| 6 –Tim Doty (Cherry Property) | Impaired. | **The Debtor hereby MOVES the Court for an ORDER establishing the value of the collateral securing the Class 6 claim of Tim Doty and to ORDER that the claim is a wholly unsecured lien as provided by 11 USC §506(d). The Debtor asserts that liens against the property exist in the** |

| | | following priority:<br>**Class 4 claim of Riverview Community Bank = approx. $205,000 + unsecured from Class 1;**<br>**Class 2 claim of Mid-Columbia Economic Development District = $20,000**<br><br>**The property is listed on Debtor's Schedule A with a value of $225,000. The Debtor obtained an appraisal that values the Property at 232,000. Therefore the Debtor believes the value of the collateral does not exceed the sum of the first and second position liens attached to the property.**<br><br>**If the Court grants Debtor's Motion, the claim of the Class 6 claimant shall be deemed fully avoided and wholly unsecured. The Class 6 claimant will then share pro-rata in the distribution to the unsecured creditors in Class 11. The Class 6 claimant has elected to take an equity ownership interest in Debtor in lieu of pro-rata payments to the remainder of Class 11.** |
| 7 - Riverview Community Bank (Estes Property) | Impaired | **Debtor will pay the current monthly payment without change.**<br><br>**Prepayment** = No early prepayment or refinance penalty.<br><br>**Debtor will increase required notice of default and opportunity to cure period under the loan to 60 days. Debtor will remove the Cross-Collateralization and Cross-Default provisions, if any, in relation to this Note and Deed** |

| | | |
|---|---|---|
| | | **of Trust.** Except as expressly modified herein and by the Chapter 11 Plan generally, the Class 7 claimant shall retain all rights and remedies as set forth in the original loan documents with the prior owner and shall retain its lien on the property securing the Class 4 claim with the same priority such lien had on the Petition Date. |
| 8 – NW Gourmet Foods, LLC (Estes Property) | Impaired | **The Debtor hereby MOVES the Court for an Order establishing the value of collateral securing claims of NW Gourmet Foods, LLC in the amount listed below**. The Class 8 creditor's claim is impaired by the Plan and its interest will be bifurcated into secured and unsecured portions. **The claim shall be allowed as a Secured Claim pursuant to 11 U.S.C. §506 in the amount of $103,000** with the following terms and a brief description of their change from the original terms:<br><br>Principal balance = $103,000 Reduced from original amount of approximately $163,000 Interest = Fixed rate of 4.5%. Existing rate is fixed at 6% Term = New 30 year term. Existing term is 30 years.<br><br>PI Payment = $521.89.  Lower than current payment due to extended term and reduced principal balance.  PI Payment subject to nonmaterial change due to recalculation at effective date of plan and principal balance **Prepayment** = No early prepayment or refinance penalty. **The undersecured portion of the** |

| | | |
|---|---|---|
| | | **Class 8 claim, in the approximate amount of $60,000, shall be included in the pro-rata distribution to Class 11**. Claimant has elected to accept equity ownership in Reorganized Debtor in lieu of pro-rata payments.<br><br>**Debtor will increase required notice of default and opportunity to cure period under the loan to 60 days.** Except as expressly modified herein and by the Chapter 11 Plan generally, the Class 8 claimant shall retain all rights and remedies as set forth in the original loan documents with the prior owner and shall retain its lien on the property securing the Class 8 claim with the same priority such lien had on the Petition Date. |
| 9 – Martin & Kathleen Sanders (Estes Property) | | **The Debtor hereby MOVES the Court for an ORDER establishing the value of the collateral securing the Class 9 claim of Martin & Kathleen Sanders and to ORDER that the claim is a wholly unsecured lien as provided by 11 USC §506(d). The Debtor asserts that liens against the property exist in the following priority: Class 7 claim of Riverview Community Bank = approx. $237,000; Class 8 claim of NW Gourmet Foods, LLC = $163,000.**<br><br>**The property is listed on Debtor's Schedule A with a value of $300,000. Debtor obtained an appraisal valuing the property at $320,000. Therefore the Debtor believes** |

| | | the value of the collateral does not exceed the sum of the first and second position liens attached to the property.

If the Court grants Debtor's Motion, the claim of the Class 9 claimant shall be deemed fully avoided and wholly unsecured. The Class 9 claimant will then share pro-rata in the distribution to the unsecured creditors in Class 11. |
|---|---|---|
| 10 – Administrative Convenience Class | Unimpaired | All general unsecured, nonpriority claimants who are either (a) owed $500.00 or less OR (b) owed more than $500.00 but elect in writing to reduce their claim to $500.00 shall be members of the Class 10. The Class 10 claimants will be paid in full on or before the 30th day after the Effective Date of the Plan. |
| 11 – General Unsecured Class | Impaired | All general unsecured, nonpriority claimants who are owed more than $500.00 and who do not elect in writing to participate as a Class 10 claimant shall be members of Class 11. The Class 11 claimants will elect to either a) receive equity ownership of the Reorganized Debtor at the rate of 1% per $20,000 claimed or b) share in fourteen pro rata semi-annual distributions of $6,100 and one final balloon payment of approximately $500,000. The claims will receive interest at the Federal Judgment Rate in effect on the Effective Date. Payments will pay 100% of unsecured claimants' claims. Unless paid off sooner as detailed below from a refinance or sale of certain Properties, payment to this class will be made in fifteen |

| | | semi-annual payments starting with the 120th day after the Effective Date of the Plan and continuing every six months thereafter. |
|---|---|---|
| | | |
| | | |

## ARTICLE V - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Debtor expressly affirms and retains her Contracts with the following parties pursuant to their original terms:

1) Lease agreement with Federal Highway Administration – Hood River Property – This is a one year lease set to terminate in January 2018. Debtor will assume this contract.

2) Little Oak Montessori School – Estes Property

3) Maria Meza – Cherry Property

4) Hood River Hostel/NWGF – Hood River Property – Currently on a Month to Month lease with a Letter of Intent to enter into a Triple Net Lease to rent the entire property on the Effective Date for $12,000 per month. In the event a Plan is not confirmed, the lease will remain Month to Month.

## ARTICLE VI - MEANS OF IMPLEMENTATION OF THE PLAN

1. <u>General Statement</u>.  Other than property specifically identified in this Plan to be surrendered or sold, the Debtor shall retain all of its real property assets.  The Debtor shall continue to conduct its business of residential and commercial real property rental and management.  Unimpaired secured claims shall be paid from the ongoing revenue generated by the business.  Impaired secured claims shall be paid from the ongoing

revenue generated by the business. Impaired unsecured claims shall be paid in semi-annual payments over seven and a half years from the Debtor's rental operations; UNLESS paid off sooner from sale or refinance proceeds of the Estes or Hood River Property.

2. <u>Funds in Debtor in Possession Accounts.</u>  The Debtor projects that as of the Effective Date of its Chapter 11 Plan it will have cash on hand in the Debtor in Possession Accounts of approximately $15,000 which includes approximately $15,000 in the Rental Operations Account (account No. 0414 identified on the Debtor's Rule 2015 Reports). After the Effective Date, the Reorganized Debtor will be closing all Debtor in Possession accounts and reopening separate bank accounts to conduct its business. The funds in the Rental Operations Account will be used by the Debtor to implement this Plan and will be deposited into the Lowell & Sons, LLC Distribution Pool Account described below. Debtor projects opening deposit to the Distribution Pool Account will be $15,000. These funds are subject to a cash collateral security agreement with the Class 1 Claimant. The amount of that security at the time of Confirmation will be added to the principal of Hood River or Cherry, the security agreements will then be deemed current and Debtor may utilize the Rental Operation funds to perform the Plan.

3. <u>Debtor Distribution Pool Account.</u>  After confirmation of the Plan but prior to the Effective Date, the Debtor shall open a new bank account entitled "Lowell & Sons, LLC Distribution Pool Account."  Into this account the Debtor shall deposit any funds committed to this Plan.  From this account, after the Effective Date, the Reorganized Debtor shall make payments to creditors including (a) the unclassified claims detailed at Article III above, (b) the Class 10 Administrative Convenience Claims, and (c) the Class

11 General Unsecured Claimants who did not elect equity ownership. Commencing with the 120th day after the Effective Date and semi-annually thereafter the Debtor shall distribute at least $6,100 on a pro rata basis to the Class 11 claimants until the final balloon payment of approximately $500,000. These payments from the Distribution Pool shall continue until the Debtor has fully satisfied her obligations to the Class 11 claimants. Exhibit B attached to the Disclosure Statement illustrates the distributions from this Account.

4. <u>Equity ownership of Reorganized Debtor.</u> Any unsecured claimant that so elects may become a partial owner, after the Effective Date, in the Reorganized Debtor at the rate of 1% per $20,000 claimed. Any unsecured claimant wishing to elect this treatment may do so on the ballot provided for voting prior to the deadline for ballot submission. Unsecured claimants must choose ownership or pro-rata payments prior to the Confirmation Hearing or they will receive pro-rata payments by default. Equity ownership shall be without voting rights. The Reorganized Debtor shall enter into negotiations with the new equity owners to create a new operating agreement on or after the Effective Date. Reorganized Debtor shall promptly issue stock subscription documents to any electing claimants on the Effective Date. All remaining shares in the Reorganized Debtor shall be retained by Lorena Lowell.

5. <u>Fail Safe Refinance/Sale of Hood River and Estes Property.</u> The Fail Safe will trigger if either the Reorganized Debtor is unable to make the semi-annual payment required by this Plan to the Class 11 claimants or some other event of Default is incurable. Upon trigger the Reorganized Debtor shall make best efforts to refinance or sell the Hood River and/or Estes Property to obtain sufficient funds to satisfy her obligations to the Class 11

claimants. If Reorganized Debtor sells the Estes or Hood River Property, then Reorganized Debtor will hire a Broker/Auctioneer and no court approval will be required for their employment. Compensation paid to that employed broker will not exceed the customary amount of 6%, and Reorganized Debtor shall not be required to obtain post-confirmation Court approval prior to closing of a sale. Debtor anticipates in event of a sale of the property, capital gains taxes may result. Debtor believes this is a viable failsafe as the properties will continue to appreciate in growth during the pendency of the Plan while the Debtor actively pays down the principal balance. The Hood River and White Salmon property markets have continued to see year over year growth in value in the last 4 years. They show no signs of slowing down.

6. <u>Reservation of Powers</u>. All powers of the Debtor under chapter 3 and 5 of the Bankruptcy Code are expressly reserved, and the Reorganized Debtor may enforce any and all claims and causes of action of the Debtor or this chapter 11 estate following the Effective Date of the Plan except for such claims and causes of action specifically waived, released or assigned in accordance with the plan.

7. <u>Revesting</u>. The Reorganized Debtor shall be vested with all of its property, except property required to perform its obligations under the Plan, free and clear of all claims, liens, charges or other interests of creditors arising prior to the entry of the order confirming plan except for consensual liens upon property securing claims provided for in the Plan. Except as otherwise provided in the Plan, the Reorganized Debtor may transact business and conduct its affairs free of any restriction of the court following confirmation of the Plan.

8.  Unmarked Ballots.  Executed ballots regarding the Plan returned by creditors to the Debtor that do not indicate acceptance or rejection of the Plan shall be deemed and counted as acceptances of the Plan.

9.  Distribution Checks; Mailing List; Returned Distribution Checks.  Any distribution to creditors contemplated by this plan will be made by check from an account of the Reorganized Debtor and will be sent via first class United States mail, postage prepaid to (a) the address listed on the proof of claim filed by the claimant or such other address as the claimant may provide to the Reorganized Debtor in writing, or (b) if no proof of claim was filed by the claimant and the claimant has failed to provide the Reorganized Debtor with a payment address in writing, then the Official Mailing List maintained by the this Court.  In the event that a distribution check, that has been properly addressed to the creditor as set forth above, is returned undeliverable by the United States Postal Service, the Reorganized Debtor shall be authorized to (a) void the returned check and use the funds for ongoing business operations, (b) refrain from sending a replacement distribution check unless and until the affected Creditor notifies both the Reorganized Debtor and Clerk of the Court in writing of a new address, and (c) in the event the Creditor does not notify in writing both the Reorganized Debtor and Clerk of the Court of a new address before the next disbursement is due, then the Reorganized Debtor shall be entitled to treat the claim of such creditor as satisfied in full.

10. Timing of Payments and Other Actions.  If this Plan requires the Debtor to make a payment or take some other action by a specific day and that day falls on a Saturday, Sunday or legal holiday, then the action shall be due on the next day following normal Court operations.

11. Compliance with the Plan.  The Debtor, Reorganized Debtor, creditors and all other parties in interest shall take all actions necessary to effectuate the terms of the plan.

12. Federal and State Tax Forms.  The Reorganized Debtor shall prepare and file all federal and state tax forms due to be filed and pay any tax due thereon prior to final disbursement to the Class 11 claimants. All tax treatment from the Reorganized Debtor shall be pass-through to the owners of the LLC shares.

13. Disputed Claims.  A disputed claim is a claim that has not been allowed or disallowed and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

   i)    Delay of Distribution on a Disputed Claim

        No distribution will be made on account of a disputed claim unless such claim is allowed.

   ii)   Settlement of Disputed Claims

        The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with rule 9019 of the Federal Rules of Bankruptcy Procedure.

14. Payment of Professional Fees and Expenses after the Effective Date. Any professional person employed by the Reorganized Debtor providing services after the Effective Date shall be paid reasonable fees and expenses by the Reorganized Debtor without the necessity of Court approval.

15. Severability. If any provision in this Plan is deemed to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

16. Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

17. Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

18. Controlling Authority. Unless a rule of law or procedure is supplied by federal law, not including preemption by the Home Owners Loan Act or the National Banking Act, the laws of the State of Oregon govern this Plan and any agreements, documents and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

19. Tax Implications of Plan. The Reorganized Debtor does project to generate taxable gains from the sale of properties, contemplated to be sold in this Plan as a fail safe, but will not generate current taxable gains from a refinance. The capital gains or other transfer taxes generated from the sale of one or more properties contemplated to be sold by this Plan shall be passed through to the members.


## ARTICLE VII - DEFAULT

An event of default shall occur if the Reorganized Debtor shall fail to comply with a material provision of the Plan. After an event of default, the party alleging default shall provide written

notice stating with specificity the alleged default and the actions deemed necessary to cure such default to Debtor's Counsel and the Reorganized Debtor at the following:

Lowell & Sons, LLC
PO Box 2135
White Salmon, WA 98672

If, after twenty one (21) days following the written notice of default the Reorganized Debtor has been unable to cure the stated default, then such party may proceed with any remedies available to it under applicable law. An event of default occurring with respect to one claim shall not be an event of default with respect to any other claim. Nothing contained in the plan shall limit the right of any party to move to reopen this case if cause for such relief exists.

## ARTICLE VIII – SATISFACTION OF INDEBTEDNESS AND DISCHARGE OF CLAIMS

The distribution made to the various classes of creditors as provided for in the Plan shall be in full and complete satisfaction of their Allowed Claims. The Reorganized Debtor will move to close this case pursuant to FRBP 3022 after Substantial Consummation of the Plan as defined under 11 U.S.C. § 1101. The Debtor will receive a discharge upon confirmation of the Plan of all claims accrued through confirmation except as otherwise provided for in the Plan. The discharge of the Debtor shall be effective as to each claim regardless of whether or not (a) a proof of claim was filed, (b) the claim was allowed, or (c) the holder thereof voted to accept the Plan.

## ARTICLE IX - RETENTION OF JURISDICTION

Notwithstanding the entry of the order confirming the plan, the court shall retain jurisdiction of this chapter 11 case pursuant to and for the purposes set forth in 11 USC §1127(b) to: (a) classify the claim of any creditor, reexamine claims which have been allowed for voting purposes and

determine any objection that may be filed to claims, (b) determine requests for payment of claims entitled to priority under 11 USC §507(a)(2) including compensation and reimbursement of expenses in favor of professionals employed at the expense of the estate, (c) avoid transfers or obligations and to subordinate claims under chapter 5 of the Bankruptcy Code, (d) approve the assumption, assignment or rejection of executory contracts and unexpired leases pursuant to 11 USC §§365 and 1123, (e) resolve all controversies and disputes regarding the interpretation of the plan, (f) implement the provisions of the plan and enter orders in aid of confirmation, (g) adjudicate any and all adversary proceedings and contested matters pending or hereafter commenced in this chapter 11 case and (h) enter a final decree closing this chapter 11 case and (i) discharging debtor from any remaining post-petition obligations.

Dated on _____8/16/17_____.


                                            /s/  Lorena Lowell, Member_____
                                           By: Lorena Lowell, Member
                                            For:Lowell & Sons, LLC
                                           Debtor-in-possession

Presented by:

__ /s/ Theodore J Piteo_____
Theodore J. Piteo, OSB #090311
Michael D. O'Brien, OSB 951056
Attorney for Lorena Lowell

Theodore J Piteo, OSB 090311
Michael D. O'Brien, OSB 951056
Michael D. O'Brien & Associates, P.C.
12909 SW 68th Pkwy, Suite 160
Portland, OR 97223
(503) 786-3800
Attorneys for Lowell & Sons, LLC, Debtor.

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Case No. 16-33707-tmb11 |
| Lowell & Sons, LLC | ) | FIRST AMENDED |
| | ) | CHAPTER 11 PLAN |
| | ) | DATED August 16, 2017 |
| Debtor-in-possession. | ) | |
| | ) | |

---

## ARTICLE I - SUMMARY OF PLAN

This Plan of Reorganization provides for the continued operations of the Debtor-in-possession's residential/commercial rental business and the cash flow of payments to secured and unsecured creditors as detailed below.

Administrative claims and priority tax claims will be paid in full on the Effective Date of the Plan unless the claimant agrees in writing to different treatment.

The secured claims of consensual lienholders are generally impaired by the Plan with their specific treatment detailed in Article IV below.

The holders of general unsecured claims owed $500 or less AND any holder of a general unsecured claim who elects in writing to reduce its claim to $500 will receive payment in full with no interest within 30 days after the Effective Date of the Plan. General unsecured claims will elect to receive either a) Ownership interest in the Reorganized Debtor at 1% per $20,000 claimed as outlined at Article VI of the Plan or b) receive 100% of their claims, with interest at the Federal Judgment Rate, in fourteen equal semi-annual payments of $6,100 starting 120 days after the Effective Date of the Plan with a final, fifteenth balloon payment of all remaining amounts in the estimated amount of $500,000. Funds for the payment of the general unsecured will come from ongoing realized cash flow from Debtor's business operations with a failsafe, if necessary, from the refinance or sale of Debtor's Estes and Hood River Properties.

### Deadline for Ballots / Objections to be Filed

The Court has not yet confirmed the Plan. This section describes the procedures and deadlines for you to vote for or against the Plan or to file objections to the Plan.

#### 1. *Who is Entitled to Object and Who is Entitled to Vote*

Any party in interest may object to confirmation of the Plan if that party believes that the requirements for confirmation are not met. Any party in interest may object to the adequacy of the disclosures made in the Disclosure Statement if that party believes that the disclosures are inadequate. However, a Creditor has a right to vote for or against the Plan only if two conditions are met: first, the claim of the Creditor must be allowed (or allowed for voting purposes) and second, the claim must be impaired. Unimpaired creditors are not entitled to vote. Insiders are not entitled to vote. If any creditor wishes its claim to be treated as an administrative convenience claim, it may so elect on the ballot to accept the Plan.

#### 2. *Deadline for Voting to Accept or Reject the Plan*

If you are entitled to vote to accept or reject the Plan, you will vote on a ballot which will be provided to you for that purpose and must return the ballot to Michael D. O'Brien, Michael D. O'Brien & Associates, P.C., 12909 SW 68th Pkwy, Suite 160, Portland, OR 97223. Once authorized by the Court, the Debtor will provide separate notice to creditors with a deadline for voting. You may elect equity treatment for your unsecured claim pursuant to Article VI of the Plan on the ballot.

3. *Deadline for Objecting to the Adequacy of Disclosure and Plan Confirmation*

Objections to the Plan must be filed with the Court and served upon both (a) counsel for the Debtor in Possession at: Theodore J. Piteo, Michael D. O'Brien & Associates, P.C., 12909 SW 68th Pkwy, Suite 160, Portland, OR 97223 and (b) United States Trustee, Attn: Carla McClurg, 620 SW Main Street, Room 213, Portland, OR 97205. Once authorized by the Court, the Debtor will hold a Confirmation Hearing on the _____ day of _____, 2017 at _____am/pm(circle one).

**a. Final Hearing on the Plan**

The hearing at which the Court will consider confirmation of the Plan and determination of the adequacy of the disclosure set forth in the Plan will take place in Courtroom #4, Ninth Floor, United States Bankruptcy Court for the District of Oregon, 1001 SW Fifth Ave., Portland, Oregon 97204 before the Honorable Trish M. Brown.

**b. Contact for Additional Information**

If you want additional information about the Plan you should contact the Debtor's counsel at: Theodore J Piteo, Michael D. O'Brien & Associates, P.C., 12909 SW 68th Pkwy, Suite 160, Portland, OR 97223.

# ARTICLE II - DEFINITIONS

1. <u>ADMINISTRATIVE EXPENSE</u>. An administrative expense (including a professional fee or expense) that is entitled to priority of payment under 11 USC §507(a)(2) and that is an allowed claim under 11 USC §503.

2. <u>ADMINISTRATIVE CONVEIENCE CLAIM</u>. A claim whereby a creditor holds or voluntarily reduces their total claim to $500 or less in exchange for receipt of full payment of that reduced claim within 30 days of the Effective Date. This treatment is authorized by 11 U.S.C. § 1122(b).

3. <u>ALLOWED CLAIM</u>. Allowed Claim shall mean a Claim (a) in respect of which a proof of claim has been filed with the Court within the applicable period of limitation, or (b) appearing on the schedules and lists prepared and filed with the Court and not listed as disputed, contingent or unliquidated as to amount and in either case to which no objection has been filed, or as to which any such objection has been determined by order of the Court and which order is no longer subject to appeal.

4. <u>CHERRY PROPERTY</u>. Debtor's residential rental property located at 393 NE Cherry St., White Salmon, WA.

5. <u>CLAIM</u>. Claim shall mean any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to a right of payment, against the Debtor on or as of the Petition Date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured or unsecured.

6. <u>CODE</u>. Code shall refer to the Bankruptcy Code as provided at 11 U.S.C. § 101 et seq.

7. <u>CONFIRMATION</u>. Confirmation means the date upon which the Confirmation Order is entered by the Court.

8. <u>COURT</u>. Court means the United States Bankruptcy Court for the District of Oregon, including the United States Bankruptcy Judge presiding in the Chapter 11 case of the Debtor.

9. <u>CREDITORS</u>. Creditors means all creditors of the Debtor holding claims for secured debts, unsecured debts, liabilities, demands or claims of any character whatsoever.

10. <u>DEBTOR</u>. Debtor means Lowell & Sons, LLC, a non-individual with its principal place of business in the State of Oregon.

11. <u>DEFAULT</u>. Default means Debtor's failure to perform any requirement specified in the Plan.

12. <u>DISTRIBUTION POOL ACCOUNT.</u> Also referred to as the Debtor Distribution Pool Account. An account to be opened by the Reorganized Debtor into which she will deposit funds devoted to the Plan and out of which she will make distributions to creditors pursuant to this Plan.

13. <u>EFFECTIVE DATE</u>. Effective date means 45 days after the Court enters an Order Confirming Chapter 11 Plan. For purposes of the Disclosure Statement and related exhibits the *projected* Effective Date is December 1, 2017.

14. <u>ESTATE</u>. The estate created under 11 USC §541 by reason of the commencement of this case.

15. <u>ESTES PROPERTY</u>: Debtor's rental property located in White Salmon, WA.

16. <u>HOOD RIVER PROPERTY</u>: Debtor's commercial rental property located at 220 Clearwater Ln., Hood River, OR

17. <u>IMPAIRED CLAIM</u>.  An impaired claim has the meaning defined in 11 USC §1124 of the Bankruptcy Code.

18. <u>OFFICIAL MAILING LIST</u>.  The official mailing list for notices and distribution checks made pursuant to the Plan shall be the official list maintained by the Clerk of the Court, United States Bankruptcy Court, 1001 SW Fifth Avenue, Suite 700, Portland, OR 97204.  It shall be the obligation of each creditor and/or party in interest to ensure that the official mailing list is current and accurate as to each entity.

19. <u>PETITION DATE.</u>  Petition Date means September 27, 2016 – the date in which the Debtor filed its Petition for Relief under Title 11 with this Court.

20. <u>PLAN</u>.  Plan means this Chapter 11 Plan of Reorganization dated August 16, 2017 in its present form or as it may be amended.

21. <u>REORGANIZED DEBTOR</u>.  Following the Effective Date, the Debtor as reorganized pursuant to the Plan.

22. <u>SECURED CREDITORS</u>.  Secured Creditors means all creditors who hold a lien, security interest, or other encumbrance which has been properly perfected by law with respect to the property owned by the Debtor and which has not otherwise been avoided by operation of Bankruptcy law or through affirmative action of the Debtor or trustee.

23. <u>TERM OF PLAN</u>.  A period beginning on the effective date of the Plan and ending when all payments and other acts required of the Debtor under the Plan have been made.

24. <u>TRIPLE NET LEASE</u>. A lease where the tenant pays all utilities, property taxes, and insurance on the building in addition to being primarily responsible for the maintenance and upkeep of the building.

# ARTICLE III - TREATMENT OF UNCLASSIFIED CLAIMS

1. <u>Administrative Claims.</u> Each holder of an allowed claim entitled to administrative expense priority under 11 USC §507(a)(2) and §503 shall receive cash in the full amount of such claim on the later of (a) the effective date of the plan, or (b) at such later date as the holder of such claims may agree in writing.

### a. Expenses Arising in the Ordinary Course of Business

These claims will be paid based on the ordinary course business terms between the Debtor and the provider. All ordinary course business expenses are current. Exceptions to this statement include: NONE.

### b. Professional Fees

Professional fees are subject to approval by the Court and are entitled to administrative expense priority under 11 USC §507(a)(2). These fees will be paid in full on the Effective Date of the plan unless the holder of such a claim has agreed in writing to deferred payments or other treatment. If any professional fees have not been approved by the Court, in whole or in part, on the Effective Date of the Plan, then such professional fees will be paid pursuant to Court Order approving the fees.

### c. U.S. Trustee Fees

The Debtor shall pay, on or before the Effective Date, any then outstanding fees owing pursuant to 28 USC §1930 to the Office of the United States Trustee and the Reorganized Debtor shall be responsible for ongoing timely payment of such fees incurred until the case is closed, converted, or dismissed. After confirmation, the Reorganized Debtor shall file with the Court a monthly financial report for each month, or portion thereof, that the case remains open. The

monthly financial report shall include a statement of all disbursements made during the course of the month, whether or not pursuant to the plan.

2. <u>Priority Tax Claims</u>.  Each governmental unit holding an allowed unsecured claim entitled to priority under 11 USC § 507(a)(8) shall be paid in full with allowed statutory interest on the Effective Date of the Plan.  Interest shall accrue on the unpaid balance of each allowed Priority Tax Claim at the rate allowed by 26 USC §6621 or the allowed rate under the Oregon Revised Statutes. Affected Claimants with Priority Tax Claims include:

   <u>None.</u>

## ARTICLE IV – CLASSIFICATION AND TREATMENT
## OF CLAIMS AND INTERESTS

All claims, other than unclassified claims, are placed in the following classes.  A claim is classified in a particular class only to the extent that it qualifies within the description of that class and is classified in a different class to the extent that it qualifies within the description of that different class.

| Class | Impairment | Treatment |
|---|---|---|
| 1 –Claim of Riverview Community Bank (Hood River Property) | Impaired | **The Debtor hereby MOVES the Court for an Order establishing the value of collateral securing claims of Riverview Community Bank in the amount listed below**. The Class 1 creditor's claim is impaired by the Plan and its interest will be bifurcated into secured and unsecured portions. **The claim shall be allowed as a Secured Claim pursuant to 11 U.S.C. §506 in the amount of $1,300,000** with the following terms and a brief description of |

| | | their change from the original terms:

Principal balance = $1,300,000
Interest = Fixed rate of 4.75%. Existing rate is fixed at 4%
Term = New 30 year term. Existing term is 25 years.

PI Payment = $6,781.42. Lower than current payment due to extended term and reduced principal balance. PI Payment subject to nonmaterial change due to recalculation at effective date of plan and principal balance
Escrow= Claimant to generate escrow statement within 30 days after confirmation and send to Debtor. Until then, Debtor will pay $1,500 monthly for escrow.

**Prepayment** = No early prepayment or refinance penalty. **Any undersecured portion of the Class 1 claim, shall be included either in the pro-rata distribution to Class 11 or to increase the secured position of Claimant in the Cherry Property due to a Drag Net Clause in Claimant's security documents**.

**Debtor will increase required notice of default and opportunity to cure period under the loan to 60 days. Debtor will eliminate the Drag Net Clause and Cross-Collateralization provisions in the Note.** Except as expressly modified herein and by the Chapter 11 Plan generally, the Class 1 claimant shall retain all rights and remedies as set forth in the original loan documents with the prior owner and shall retain its |

| | | lien on the property securing the Class 1 claim with the same priority such lien had on the Petition Date. |
|---|---|---|
| 2 – Claim of Frank Construction Co. (Hood River Property) | Impaired | **The Debtor hereby MOVES the Court for an ORDER establishing the value of the collateral securing the Class 2 claim of Frank Construction and to ORDER that the claim is a wholly unsecured lien as provided by 11 USC §506(d). The Debtor asserts that liens against the property exist in the following priority:** **Class 1 claim of Riverview Community Bank = $1,835,975.13;** **The property is listed on Debtor's Schedule A with a value of $2,000,000. However Debtor obtained an appraisal dated March, 2017 that values the Property at 1,300,000. Therefore the Debtor believes the value of the collateral does not exceed the sum of the first and position lien attached to the property.** **If the Court grants Debtor's Motion, the claim of the Class 2 claimant shall be deemed fully avoided and wholly unsecured. Debtor has marked the claim as disputed and intends to file an objection disallowing the claim prior to Confirmation. The Class 2 claimant's allowed claim, if any, will share pro-rata in the distribution to the unsecured creditors in Class 11.** |
| 3 – Claim of Mid-Columbia Economic Development District | Impaired | **The Debtor hereby MOVES the Court for an ORDER** |

| | | |
|---|---|---|
| (Hood River Property) | | **establishing the value of the collateral securing the Class 3 claim and to ORDER that the claim is a wholly unsecured lien as provided by 11 USC §506(d). The Debtor asserts that liens against the property exist in the following priority: Class 1 claim of Riverview Community Bank = $1,835,975.13; Class 2 claim of Frank Construction = $49,571.80**<br><br>**The property is listed on Debtor's Schedule A with a value of $2,000,000. However Debtor obtained an appraisal dated March, 2017 that values the Property at 1,300,000. Therefore the Debtor believes the value of the collateral does not exceed the sum of the first and position lien attached to the property.**<br><br>**If the Court grants Debtor's Motion, the claim of the Class 3 claimant shall be deemed fully avoided and wholly unsecured. The Class 2 claimant's allowed claim, if any, will share pro-rata in the distribution to the unsecured creditors in Class 11.** |
| 4 –Claim of Riverview Community Bank  (Cherry Property) | Impaired | **The Debtor hereby MOVES the Court for an Order establishing the value of collateral securing claims of Riverview Community Bank in the amount listed below**. The Class 4 creditor's claim is impaired by the Plan and its interest will be bifurcated into secured and unsecured portions. **The claim shall be allowed as a Secured Claim pursuant to 11 U.S.C. §506 in the amount of** |

| | | **$232,000** with the following terms and a brief description of their change from the original terms: |
| | | |
| | | Principal balance = $232,000 Interest = Fixed rate of 4.75%. Existing rate is fixed at 4% Term = New 30 year term. Existing term is 30 years. |
| | | |
| | | PI Payment = $1,210.22. Lower than current payment due to extended term and reduced principal balance. PI Payment subject to nonmaterial change due to recalculation at effective date of plan and principal balance Escrow= Claimant to generate escrow statement within 30 days after confirmation and send to Debtor. Until then, Debtor will pay $250 monthly for escrow. |
| | | |
| | | **Prepayment** = No early prepayment or refinance penalty. **Any undersecured portion of the Class 4 claim, shall be included in the pro-rata distribution to Class 11**. |
| | | |
| | | **Debtor will increase required notice of default and opportunity to cure period under the loan to 60 days. Debtor will eliminate the Drag Net Clause and Cross-Collateralization provisions in the Note.** Except as expressly modified herein and by the Chapter 11 Plan generally, the Class 4 claimant shall retain all rights and remedies as set forth in the original loan documents with the prior owner and shall retain its lien on the property securing the Class 4 claim with the same priority such lien had on the |

| | | |
|---|---|---|
| | | Petition Date. |
| 5 –Mid-Columbia Economic Development District (Cherry Property) | Impaired | **The Debtor hereby MOVES the Court for an ORDER establishing the value of the collateral securing the Class 5 claim and to ORDER that the claim is a wholly unsecured lien as provided by 11 USC §506(d). The Debtor asserts that liens against the property exist in the following priority: Class 4 claim of Riverview Community Bank = approx. $205,000+unsecured from Class 1;**<br><br>**The property is listed on Debtor's Schedule A with a value of $225,000. The Debtor obtained an appraisal that values the Property at 232,000. Therefore the Debtor believes the value of the collateral does not exceed the first position lien attached to the property.**<br><br>**If the Court grants Debtor's Motion, the claim of the Class 5 claimant shall be deemed fully avoided and wholly unsecured. The Class 5 claimant will then share pro-rata in the distribution to the unsecured creditors in Class 11.** |
| 6 –Tim Doty (Cherry Property) | Impaired. | **The Debtor hereby MOVES the Court for an ORDER establishing the value of the collateral securing the Class 6 claim of Tim Doty and to ORDER that the claim is a wholly unsecured lien as provided by 11 USC §506(d). The Debtor asserts that liens against the property exist in the** |

| | | following priority: **Class 4 claim of Riverview Community Bank = approx. $205,000 + unsecured from Class 1; Class 2 claim of Mid-Columbia Economic Development District = $20,000**

**The property is listed on Debtor's Schedule A with a value of $225,000. The Debtor obtained an appraisal that values the Property at 232,000. Therefore the Debtor believes the value of the collateral does not exceed the sum of the first and second position liens attached to the property.**

**If the Court grants Debtor's Motion, the claim of the Class 6 claimant shall be deemed fully avoided and wholly unsecured. The Class 6 claimant will then share pro-rata in the distribution to the unsecured creditors in Class 11. The Class 6 claimant has elected to take an equity ownership interest in Debtor in lieu of pro-rata payments to the remainder of Class 11.** |
|---|---|---|
| 7 - Riverview Community Bank (Estes Property) | Impaired | **Debtor will pay the current monthly payment without change.**

**Prepayment** = No early prepayment or refinance penalty.

**Debtor will increase required notice of default and opportunity to cure period under the loan to 60 days. Debtor will remove the Cross-Collateralization and Cross-Default provisions, if any, in relation to this Note and Deed** |

| | | |
|---|---|---|
| | | **of Trust.** Except as expressly modified herein and by the Chapter 11 Plan generally, the Class 7 claimant shall retain all rights and remedies as set forth in the original loan documents with the prior owner and shall retain its lien on the property securing the Class 4 claim with the same priority such lien had on the Petition Date. |
| 8 – NW Gourmet Foods, LLC (Estes Property) | Impaired | **The Debtor hereby MOVES the Court for an Order establishing the value of collateral securing claims of NW Gourmet Foods, LLC in the amount listed below**. The Class 8 creditor's claim is impaired by the Plan and its interest will be bifurcated into secured and unsecured portions. **The claim shall be allowed as a Secured Claim pursuant to 11 U.S.C. §506 in the amount of $103,000** with the following terms and a brief description of their change from the original terms:<br><br>Principal balance = $103,000 Reduced from original amount of approximately $163,000 Interest = Fixed rate of 4.5%. Existing rate is fixed at 6% Term = New 30 year term. Existing term is 30 years.<br><br>PI Payment = $521.89.  Lower than current payment due to extended term and reduced principal balance.  PI Payment subject to nonmaterial change due to recalculation at effective date of plan and principal balance **Prepayment** = No early prepayment or refinance penalty. **The undersecured portion of the** |

| | | |
|---|---|---|
| | | **Class 8 claim, in the approximate amount of $60,000, shall be included in the pro-rata distribution to Class 11**. Claimant has elected to accept equity ownership in Reorganized Debtor in lieu of pro-rata payments.<br><br>**Debtor will increase required notice of default and opportunity to cure period under the loan to 60 days.** Except as expressly modified herein and by the Chapter 11 Plan generally, the Class 8 claimant shall retain all rights and remedies as set forth in the original loan documents with the prior owner and shall retain its lien on the property securing the Class 8 claim with the same priority such lien had on the Petition Date. |
| 9 – Martin & Kathleen Sanders (Estes Property) | | **The Debtor hereby MOVES the Court for an ORDER establishing the value of the collateral securing the Class 9 claim of Martin & Kathleen Sanders and to ORDER that the claim is a wholly unsecured lien as provided by 11 USC §506(d). The Debtor asserts that liens against the property exist in the following priority:**<br>**Class 7 claim of Riverview Community Bank = approx. $237,000;**<br>**Class 8 claim of NW Gourmet Foods, LLC = $163,000.**<br><br>**The property is listed on Debtor's Schedule A with a value of $300,000. Debtor obtained an appraisal valuing the property at $320,000. Therefore the Debtor believes** |

| | | the value of the collateral does not exceed the sum of the first and second position liens attached to the property.<br><br>If the Court grants Debtor's Motion, the claim of the Class 9 claimant shall be deemed fully avoided and wholly unsecured. The Class 9 claimant will then share pro-rata in the distribution to the unsecured creditors in Class 11. |
|---|---|---|
| 10 – Administrative Convenience Class | Unimpaired | All general unsecured, nonpriority claimants who are either (a) owed $500.00 or less OR (b) owed more than $500.00 but elect in writing to reduce their claim to $500.00 shall be members of the Class 10. The Class 10 claimants will be paid in full on or before the 30th day after the Effective Date of the Plan. |
| 11 – General Unsecured Class | Impaired | All general unsecured, nonpriority claimants who are owed more than $500.00 and who do not elect in writing to participate as a Class 10 claimant shall be members of Class 11. The Class 11 claimants will elect to either a) receive equity ownership of the Reorganized Debtor at the rate of 1% per $20,000 claimed or b) share in fourteen pro rata semi-annual distributions of $6,100 and one final balloon payment of approximately $500,000. The claims will receive interest at the Federal Judgment Rate in effect on the Effective Date. Payments will pay 100% of unsecured claimants' claims. Unless paid off sooner as detailed below from a refinance or sale of certain Properties, payment to this class will be made in fifteen |

| | | semi-annual payments starting with the 120th day after the Effective Date of the Plan and continuing every six months thereafter. |
|---|---|---|
| | | |
| | | |

## ARTICLE V - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Debtor expressly affirms and retains her Contracts with the following parties pursuant to their original terms:

1) Lease agreement with Federal Highway Administration – Hood River Property – This is a one year lease set to terminate in January 2018. Debtor will assume this contract.

2) Little Oak Montessori School – Estes Property

3) Maria Meza – Cherry Property

4) Hood River Hostel/NWGF – Hood River Property – Currently on a Month to Month lease with a Letter of Intent to enter into a Triple Net Lease to rent the entire property on the Effective Date for $12,000 per month. In the event a Plan is not confirmed, the lease will remain Month to Month.

## ARTICLE VI - MEANS OF IMPLEMENTATION OF THE PLAN

1. <u>General Statement</u>. Other than property specifically identified in this Plan to be surrendered or sold, the Debtor shall retain all of its real property assets. The Debtor shall continue to conduct its business of residential and commercial real property rental and management. Unimpaired secured claims shall be paid from the ongoing revenue generated by the business. Impaired secured claims shall be paid from the ongoing

revenue generated by the business. Impaired unsecured claims shall be paid in semi-annual payments over seven and a half years from the Debtor's rental operations; UNLESS paid off sooner from sale or refinance proceeds of the Estes or Hood River Property.

2. <u>Funds in Debtor in Possession Accounts.</u> The Debtor projects that as of the Effective Date of its Chapter 11 Plan it will have cash on hand in the Debtor in Possession Accounts of approximately $15,000 which includes approximately $15,000 in the Rental Operations Account (account No. 0414 identified on the Debtor's Rule 2015 Reports). After the Effective Date, the Reorganized Debtor will be closing all Debtor in Possession accounts and reopening separate bank accounts to conduct its business. The funds in the Rental Operations Account will be used by the Debtor to implement this Plan and will be deposited into the Lowell & Sons, LLC Distribution Pool Account described below. Debtor projects opening deposit to the Distribution Pool Account will be $15,000. These funds are subject to a cash collateral security agreement with the Class 1 Claimant. The amount of that security at the time of Confirmation will be added to the principal of Hood River or Cherry, the security agreements will then be deemed current and Debtor may utilize the Rental Operation funds to perform the Plan.

3. <u>Debtor Distribution Pool Account.</u> After confirmation of the Plan but prior to the Effective Date, the Debtor shall open a new bank account entitled "Lowell & Sons, LLC Distribution Pool Account." Into this account the Debtor shall deposit any funds committed to this Plan. From this account, after the Effective Date, the Reorganized Debtor shall make payments to creditors including (a) the unclassified claims detailed at Article III above, (b) the Class 10 Administrative Convenience Claims, and (c) the Class

11 General Unsecured Claimants who did not elect equity ownership. Commencing with the 120th day after the Effective Date and semi-annually thereafter the Debtor shall distribute at least $6,100 on a pro rata basis to the Class 11 claimants until the final balloon payment of approximately $500,000. These payments from the Distribution Pool shall continue until the Debtor has fully satisfied her obligations to the Class 11 claimants. Exhibit B attached to the Disclosure Statement illustrates the distributions from this Account.

4. **Equity ownership of Reorganized Debtor.** Any unsecured claimant that so elects may become a partial owner, after the Effective Date, in the Reorganized Debtor at the rate of 1% per $20,000 claimed. Any unsecured claimant wishing to elect this treatment may do so on the ballot provided for voting prior to the deadline for ballot submission. Unsecured claimants must choose ownership or pro-rata payments prior to the Confirmation Hearing or they will receive pro-rata payments by default. Equity ownership shall be without voting rights. The Reorganized Debtor shall enter into negotiations with the new equity owners to create a new operating agreement on or after the Effective Date. Reorganized Debtor shall promptly issue stock subscription documents to any electing claimants on the Effective Date. All remaining shares in the Reorganized Debtor shall be retained by Lorena Lowell.

5. **Fail Safe Refinance/Sale of Hood River and Estes Property.** The Fail Safe will trigger if either the Reorganized Debtor is unable to make the semi-annual payment required by this Plan to the Class 11 claimants or some other event of Default is incurable. Upon trigger the Reorganized Debtor shall make best efforts to refinance or sell the Hood River and/or Estes Property to obtain sufficient funds to satisfy her obligations to the Class 11

claimants. If Reorganized Debtor sells the Estes or Hood River Property, then Reorganized Debtor will hire a Broker/Auctioneer and no court approval will be required for their employment.  Compensation paid to that employed broker will not exceed the customary amount of 6%, and Reorganized Debtor shall not be required to obtain post-confirmation Court approval prior to closing of a sale. Debtor anticipates in event of a sale of the property, capital gains taxes may result. Debtor believes this is a viable failsafe as the properties will continue to appreciate in growth during the pendency of the Plan while the Debtor actively pays down the principal balance. The Hood River and White Salmon property markets have continued to see year over year growth in value in the last 4 years. They show no signs of slowing down.

6. <u>Reservation of Powers</u>.  All powers of the Debtor under chapter 3 and 5 of the Bankruptcy Code are expressly reserved, and the Reorganized Debtor may enforce any and all claims and causes of action of the Debtor or this chapter 11 estate following the Effective Date of the Plan except for such claims and causes of action specifically waived, released or assigned in accordance with the plan.

7. <u>Revesting</u>.  The Reorganized Debtor shall be vested with all of its property, except property required to perform its obligations under the Plan, free and clear of all claims, liens, charges or other interests of creditors arising prior to the entry of the order confirming plan except for consensual liens upon property securing claims provided for in the Plan.  Except as otherwise provided in the Plan, the Reorganized Debtor may transact business and conduct its affairs free of any restriction of the court following confirmation of the Plan.

8.  Unmarked Ballots.  Executed ballots regarding the Plan returned by creditors to the Debtor that do not indicate acceptance or rejection of the Plan shall be deemed and counted as acceptances of the Plan.

9.  Distribution Checks; Mailing List; Returned Distribution Checks.  Any distribution to creditors contemplated by this plan will be made by check from an account of the Reorganized Debtor and will be sent via first class United States mail, postage prepaid to (a) the address listed on the proof of claim filed by the claimant or such other address as the claimant may provide to the Reorganized Debtor in writing, or (b) if no proof of claim was filed by the claimant and the claimant has failed to provide the Reorganized Debtor with a payment address in writing, then the Official Mailing List maintained by the this Court.  In the event that a distribution check, that has been properly addressed to the creditor as set forth above, is returned undeliverable by the United States Postal Service, the Reorganized Debtor shall be authorized to (a) void the returned check and use the funds for ongoing business operations, (b) refrain from sending a replacement distribution check unless and until the affected Creditor notifies both the Reorganized Debtor and Clerk of the Court in writing of a new address, and (c) in the event the Creditor does not notify in writing both the Reorganized Debtor and Clerk of the Court of a new address before the next disbursement is due, then the Reorganized Debtor shall be entitled to treat the claim of such creditor as satisfied in full.

10. Timing of Payments and Other Actions.  If this Plan requires the Debtor to make a payment or take some other action by a specific day and that day falls on a Saturday, Sunday or legal holiday, then the action shall be due on the next day following normal Court operations.

11. <u>Compliance with the Plan</u>. The Debtor, Reorganized Debtor, creditors and all other parties in interest shall take all actions necessary to effectuate the terms of the plan.

12. <u>Federal and State Tax Forms</u>. The Reorganized Debtor shall prepare and file all federal and state tax forms due to be filed and pay any tax due thereon prior to final disbursement to the Class 11 claimants. All tax treatment from the Reorganized Debtor shall be pass-through to the owners of the LLC shares.

13. <u>Disputed Claims.</u> A disputed claim is a claim that has not been allowed or disallowed and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

i) <u>Delay of Distribution on a Disputed Claim</u>

No distribution will be made on account of a disputed claim unless such claim is allowed.

ii) <u>Settlement of Disputed Claims</u>

The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with rule 9019 of the Federal Rules of Bankruptcy Procedure.

14. <u>Payment of Professional Fees and Expenses after the Effective Date</u>. Any professional person employed by the Reorganized Debtor providing services after the Effective Date shall be paid reasonable fees and expenses by the Reorganized Debtor without the necessity of Court approval.

15. <u>Severability</u>. If any provision in this Plan is deemed to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

16. <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

17. <u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

18. <u>Controlling Authority</u>. Unless a rule of law or procedure is supplied by federal law, not including preemption by the Home Owners Loan Act or the National Banking Act, the laws of the State of Oregon govern this Plan and any agreements, documents and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

19. <u>Tax Implications of Plan</u>. The Reorganized Debtor does project to generate taxable gains from the sale of properties, contemplated to be sold in this Plan as a fail safe, but will not generate current taxable gains from a refinance. The capital gains or other transfer taxes generated from the sale of one or more properties contemplated to be sold by this Plan shall be passed through to the members.

## ARTICLE VII - DEFAULT

An event of default shall occur if the Reorganized Debtor shall fail to comply with a material provision of the Plan. After an event of default, the party alleging default shall provide written

notice stating with specificity the alleged default and the actions deemed necessary to cure such

default to Debtor's Counsel and the Reorganized Debtor at the following:

> Lowell & Sons, LLC
> PO Box 2135
> White Salmon, WA 98672

If, after twenty one (21) days following the written notice of default the Reorganized Debtor has

been unable to cure the stated default, then such party may proceed with any remedies available

to it under applicable law.  An event of default occurring with respect to one claim shall not be

an event of default with respect to any other claim.  Nothing contained in the plan shall limit the

right of any party to move to reopen this case if cause for such relief exists.


## ARTICLE VIII – SATISFACTION OF INDEBTEDNESS AND DISCHARGE OF CLAIMS

The distribution made to the various classes of creditors as provided for in the Plan shall

be in full and complete satisfaction of their Allowed Claims. The Reorganized Debtor will move

to close this case pursuant to FRBP 3022 after Substantial Consummation of the Plan as defined

under 11 U.S.C. § 1101. The Debtor will receive a discharge upon confirmation of the Plan of all

claims accrued through confirmation except as otherwise provided for in the Plan. The discharge

of the Debtor shall be effective as to each claim regardless of whether or not (a) a proof of claim

was filed, (b) the claim was allowed, or (c) the holder thereof voted to accept the Plan.

## ARTICLE IX - RETENTION OF JURISDICTION

Notwithstanding the entry of the order confirming the plan, the court shall retain jurisdiction

of this chapter 11 case pursuant to and for the purposes set forth in 11 USC §1127(b) to: (a) classify

the claim of any creditor, reexamine claims which have been allowed for voting purposes and

determine any objection that may be filed to claims, (b) determine requests for payment of claims entitled to priority under 11 USC §507(a)(2) including compensation and reimbursement of expenses in favor of professionals employed at the expense of the estate, (c) avoid transfers or obligations and to subordinate claims under chapter 5 of the Bankruptcy Code, (d) approve the assumption, assignment or rejection of executory contracts and unexpired leases pursuant to 11 USC §§365 and 1123, (e) resolve all controversies and disputes regarding the interpretation of the plan, (f) implement the provisions of the plan and enter orders in aid of confirmation, (g) adjudicate any and all adversary proceedings and contested matters pending or hereafter commenced in this chapter 11 case and (h) enter a final decree closing this chapter 11 case and (i) discharging debtor from any remaining post-petition obligations.

Dated on ___8/16/17_____.

_/s/_ Lorena Lowell, Member_____
By: Lorena Lowell, Member
  For:Lowell & Sons, LLC
Debtor-in-possession

Presented by:

__/s/ Theodore J Piteo_____
Theodore J. Piteo, OSB #090311
Michael D. O'Brien, OSB 951056
Attorney for Lowell & Sons, LLC